J-S64007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALLEN M. BACHMANN | |
| Appellant | No. 297 EDA 2016 |

Appeal from the PCRA Order Entered January 14, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0007611-2008

BEFORE: STABILE, SOLANO, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 08, 2016**

Appellant, Allen M. Bachmann, appeals from the January 14, 2016 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Counsel has filed a no merit letter and petition to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 479 A.2d 568 (Pa. Super. 1984) (*en banc*). We affirm the order and grant the petition to withdraw.

On May 5, 2009, Appellant pled guilty to stalking, simple assault, harassment, criminal trespass, and indecent exposure. On June 30, 2009, the trial court imposed an aggregate 3½ to 7 years of incarceration followed by ten years of probation. Appellant did not file a direct appeal. On August

---

[*] Former Justice specially assigned to the Superior Court.

10, 2012, more than three years after his judgment of sentence became final, Appellant filed his first *pro se* PCRA petition.[1] The PCRA court subsequently appointed counsel. The Commonwealth filed a motion to dismiss the petition on December 8, 2015. The PCRA court entered the order on appeal on January 14, 2016, dismissing Appellant's petition. This timely appeal followed.

First, we consider counsel's **Turner/Finley** no merit letter and petition to withdraw. **Turner/Finley** requires an "independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal." **Commonwealth v. Freeland**, 106 A.3d 768, 774 (Pa. Super. 2014). "The necessary independent review requires counsel to file a 'no-merit' letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless." **Id.** Further,

> Counsel must [...] send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

---

[1] Appellant styled the petition as a petition to modify or correct his sentence under the PCRA. Several months earlier, on April 9, 2012, Appellant filed a petition to modify his sentence *nunc pro tunc*. The trial court properly treated these filings as PCRA petitions, as the PCRA is the sole means of obtaining collateral relief. 42 Pa.C.S.A. § 9542; **Commonwealth v. Kubis**, 808 A.2d 196, 199 (Pa. Super. 2002), *appeal denied*, 813 A.2d 839 (Pa. 2002). Both were patently untimely.

>    If counsel fails to satisfy the foregoing technical prerequisites of **Turner/Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner/ Finley** request or an advocate's brief.
>
>    However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner/Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007).

Counsel's petition to withdraw and no merit letter comply with the foregoing. Next, we consider the PCRA's jurisdictional timeliness requirements. Counsel explained in her no merit letter that Appellant's *pro se* petition was untimely. The court dismissed the petition on that basis.

The PCRA requires any petition thereunder to be filed within one year of the date on which his judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). If, as is presently the case, the petition is facially untimely, the petitioner must plead and prove the applicability of one of the three statutory exceptions to the one-year time bar. **Id.** Failure to do so deprives the PCRA court of jurisdiction. This is true even if the petition challenges the legality of the petitioner's sentence. **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). Here, Appellant's petition is facially untimely, he did

not plead the applicability of any of the timeliness exceptions, and we discern no basis upon which he could have done so.  We therefore affirm the PCRA court's order and grant the petition to withdraw.

Order affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/8/2016